# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOMINIC S. DAVIS, | DOCKET NUMBER |
| Appellant, | SF-0752-20-0130-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: August 5, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dominic S. Davis</u>, Hawthorne, California, pro se.

<u>W. Jason Jackson</u>, Long Beach, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging the agency's decision to place him in a non-duty non-pay status as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a Maintenance Mechanic with the agency. Initial Appeal File (IAF), Tab 5 at 57. On August 16, 2019, while the appellant was in a leave without pay (LWOP) status from his Maintenance Mechanic position, he was arrested on suspicion of assault with a deadly weapon following an altercation outside of the Postal Service union office. *Id.* at 27, 38-39, 58. Following an investigation by the agency's office of the inspector general, by a letter dated November 2, 2019, the agency informed the appellant that it was placing him on an emergency off-duty leave status without pay until further notice, effective November 4, 2019, based on the August 16, 2019 incident. *Id.* at 28, 36-46.

The appellant subsequently filed the instant Board appeal challenging his placement in an off-duty, unpaid status and requested a hearing. IAF, Tab 1 at 2-5. He did not identify any affirmative defenses throughout the processing of his appeal. IAF, Tab 19, Initial Decision (ID) at 4. The agency filed a motion to dismiss the appeal as moot, arguing that it had rescinded the emergency off-duty

status letter, retroactively placed the appellant in a paid administrative leave status effective November 3, 2019, and provided him with pay and benefits (less applicable deductions) for the period of time that he was in an unpaid, off-duty status, thereby providing him with all of the relief that he would have been entitled to by this appeal. IAF, Tab 5 at 5-10, 13-14. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as moot, concluding that the agency had produced evidence that it returned the appellant as nearly as possible to the same position that he would have been in had the agency action not occurred, and therefore returned the appellant to status quo ante. ID at 3-4 (citing *Roja v. Department of the Navy*, 55 M.S.P.R. 618, 621 (1992)).

The appellant has filed a petition for review of the initial decision as well as a supplement to his petition for review. Petition for Review (PFR) File, Tabs 1-2. He argues that new and material evidence exists demonstrating that he has not been returned to status quo ante, and therefore his appeal is not moot. IAF, Tab 1 at 3-5. Specifically, he argues that the emergency off-duty status letter (identified as the "Article 16.7" letter) was not actually rescinded, and he provides email correspondences and a copy of a filing the agency submitted in another Board case purportedly showing that the agency is moving forward to arbitration regarding the emergency off-duty placement letter. PFR File, Tab 1 at 3-15, Tab 2. The appellant also restates the argument he made below that he has not been returned to status quo ante because he has not been placed in an active duty status. PFR File, Tab 1 at 4-5; IAF, Tab 16 at 4. Finally, the appellant argues for the first time on review that he has not been returned to a status quo ante because he has not been awarded compensatory damages and overtime pay that he would have received if he had returned to work, and he requests non-pecuniary damages based on the exacerbation of his PTSD condition as a result of the failure to return him to duty. PFR File, Tab 1 at 5. The agency

has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is determined by the nature of an agency's action at the time an appeal is filed with the Board. *Sredzinski v. U.S. Postal Service*, 105 M.S.P.R. 571, ¶ 4 (2007). A suspension lasting more than 14 days is an adverse action within the Board's jurisdiction. 5 U.S.C. §§ 7512(a)(2), 7513(d). An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed. *Sredzinski*, 105 M.S.P.R. 571, ¶ 4. Thus, the Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency. *Id.* For an appeal to be deemed moot, the agency's rescission of the appealed action must be complete, and the employee must be returned to the status quo ante. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016); *see Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 6 (2007) (explaining that for an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed). Status quo ante relief generally requires that the appellant be placed back in his former position or in one substantially equivalent in scope and status to his former position. *Hess*, 123 M.S.P.R. 183, ¶ 5. Status quo ante relief also requires that the agency remove all references to the rescinded action and restore to the appellant any lost back pay or benefits. *Id.*

Ordinarily, if an appellant raises a claim of compensatory damages for discrimination in connection with an appealable action, the agency's complete rescission of the action appealed does not afford him all of the relief available before the Board and the appeal is not moot. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). Lack of mootness in such circumstances is

premised on the Board's ability to award compensatory damages. *Id.*, ¶¶ 8, 19. If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007).

<u>The administrative judge correctly concluded that the appeal was moot.</u>

The Board generally has held that placing an appellant on administrative leave following the cancellation of an adverse action does not constitute a complete rescission of the agency action and thus a return to the status quo ante. *Sredzinski*, 105 M.S.P.R. 571, ¶ 8. However, the Board has also found that an appeal was moot despite an agency's failure to return the appellant to a duty status where an appellant was in a non-duty status prior to the rescinded action for reasons unrelated to the action being appealed. *See, e.g., Sherrod v. Department of the Navy*, 90 M.S.P.R. 347, ¶¶ 16-18 (2001) (finding that the agency returned the appellant to the status quo ante when it placed him on LWOP status upon rescinding the removal, because the appellant should have been in an approved leave status for a compensable injury prior to his removal); *Sellman v. U.S. Postal Service*, 63 M.S.P.R. 145, 154 n.3 (1994) (where the appellant was in an approved leave status prior to his removal, the agency was not required to return the appellant to active duty when it cancelled its removal action and placed him in a LWOP status).

In the instant case, the record reflects that prior to the issuance of the November 2, 2019 emergency off-duty placement letter the appellant had been in an LWOP status for his Maintenance Mechanic position since April 2, 2018, in order to fulfill his duties as the General President of the union. IAF, Tab 5 at 28, 58. Consequently, we agree with the administrative judge's finding that the agency returned the appellant to the status quo ante when it placed him in an administrative leave status and retroactively paid him all lost wages and benefits[2]

---

[2] Although the administrative judge concluded that the agency processed the appellant's lost wages and benefits as back pay, the record instead reflects that it placed him in an

after rescinding the emergency placement letter because he would have otherwise been in an LWOP status if not for the issuance of the emergency placement letter. *See Sherrod*, 90 M.S.P.R. 347, ¶¶ 16-18; *Sellman*, 63 M.S.P.R. at 154 n.3. Accordingly, we agree with the administrative judge's conclusion that, even though the agency failed to return the appellant to a duty status, this appeal is still moot because the appellant was in a non-duty status prior to the rescinded action for reasons unrelated to the action being appealed, and thus the agency was not required to return the appellant to active duty status after it rescinded the emergency placement letter.[3]  ID at 4 n.2.

<u>The appellant's remaining arguments do not provide a basis for granting his petition for review.</u>

Regarding the appellant's argument that new and material evidence exists demonstrating that the emergency placement letter was not actually rescinded because the matter is still being litigated in arbitration proceedings, as the administrative judge concluded and as the agency correctly observes, the sworn

---

administrative leave status retroactive to November 3, 2019, and paid him for the lost pay and benefits for the period of time that he was placed on emergency off-duty leave status without pay.  IAF, Tab 18 at 7-19; ID at 3-4.

[3] Even if the appellant had demonstrated that he was in a duty status at the time the agency issued the emergency placement letter, we would still conclude that the agency was not obligated to return him to a duty status because the agency has proven that it had a strong overriding interest in retaining the appellant in a non-duty status.  *See Gamel v. Department of the Navy*, 43 M.S.P.R. 168, 170-72 (1989) (explaining that an agency may not be required to return an employee to his former position despite the Board's reversal of his removal if the agency has a strong overriding interest for not doing so).  The agency argued both below and on review that the appellant demonstrated a "callous disregard for his coworkers['] safety" when he brandished a loaded handgun and threatened to kill another person in front of the Postal Service union office, for which he was later charged with a felony.  IAF, Tab 5 at 9-10, 27, Tab 8 at 10; PFR File, Tab 6 at 6.  Consequently, we would conclude, in the alternative, that the agency adequately demonstrated that it had a strong overriding interest in placing the appellant in a non-duty status, based on the existing record.  *See Dalton v. Department of Justice*, 66 M.S.P.R. 429, 434 (1995) (finding that an agency's concern over an appellant's alleged improper sexual contacts with inmates and the presence of an ongoing investigation established compelling reasons for not returning him to status quo ante).

declaration submitted by the agency makes clear that the emergency placement letter "has not and never will" enter the appellant's personnel file, and was effectively rescinded. IAF, Tab 5 at 14; ID at 3; PFR File, Tab 6 at 5-6. Although the appellant continues to litigate the issuance of the now-rescinded emergency placement letter in a separate arbitration proceeding, that fact has no bearing on whether the emergency placement letter was rescinded. PFR File, Tab 1 at 5; *see Friends of the Earth, Inc. v. Landlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (reflecting that the burden of proving mootness is on the moving party); *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 13 (2012) (noting that status quo ante relief requires that the agency remove all references to the rescinded action from the employee's personnel record); *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 6 (2004) (same); *see also Social Security Administration v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (stating that a sworn statement has greater weight than one that is not sworn), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table). Consequently, we agree that the agency met its burden of proving that it has purged the record of this action from the appellant's personnel file.

Similarly, there is no support for the appellant's claim that the agency's filing in another Board appeal proves that the emergency placement letter was never rescinded. PFR File, Tab 2; *see Davis v. U.S. Postal Service*, MSPB Docket No. SF-0752-20-0422-I-1, Initial Appeal File (0422 AF), Tab 5. The matter at issue in that separate Board appeal concerned the agency's subsequent decision to place the appellant on indefinite suspension, effective April 1, 2020—not the November 2, 2019 emergency placement determination. 0422 AF, Tab 1 at 5, 7-8; IAF, Tab 8 at 14-15.[4]

Regarding the appellant's claim, raised for the first time on review, that he has not been returned to a status quo ante because he has not been awarded

---

[4] On October 27, 2020, an initial decision was issued in MSPB Docket No. SF-0752-20-0422-I-1, affirming the agency's indefinite suspension action. 0422 AF, Tab 26, Initial Decision. Neither party filed a petition for review.

compensatory damages, overtime pay, and non-pecuniary damages, as previously noted, a viable outstanding claim of compensatory damages based on discrimination will ordinarily preclude dismissal of an appeal as moot. PFR File, Tab 1 at 5; *see Hess,* 124 M.S.P.R. 40, ¶ 8. Nevertheless, the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶¶ 7-9 (2006) (refusing to consider the appellant's arguments, raised for the first time on review, in support of her position that she had good cause for untimely refiling her appeal) (citing *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980)); 5 C.F.R. § 1201.115(d). The appellant did not allege discrimination in connection with his placement on emergency leave or raise any affirmative defenses below, or allege that he was entitled to any compensatory or pecuniary damages or overtime pay, and he has provided no explanation for why he could not have raised these arguments below. Accordingly, we will not consider them now.[5] For the foregoing reasons, we deny the petition for review and affirm the initial decision, which dismissed the appellant's appeal challenging the agency's decision to place him in a non-duty non-pay status as moot.

---

[5] Even if we were to consider the appellant's argument that he is entitled to overtime pay, the Board lacks jurisdiction to award pay enhancements such as overtime pay in this circumstance because placement on administrative leave is not an appealable action. *See Mattern v. Department of the Treasury*, 88 M.S.P.R. 65, ¶¶ 10-16 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002); *see also Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 12 (2015) (stating that the Board lacks jurisdiction to award back pay for pay enhancements such as overtime pay lost during periods of administrative leave preceding an appealable action).

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                _____
                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.